# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41315
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TARIQ MAHMOOD, M.D.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CR-32-1

Before KING, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tariq Mahmood, M.D., engaged in a scheme to defraud Medicare by instructing his employees to manipulate the diagnosis and treatment information that the hospitals he owned provided to Medicare in order to obtain higher reimbursements than they were entitled to receive. A jury convicted Mahmood of conspiring to commit health care fraud, seven counts of health care fraud, and seven counts of aggravated identity theft. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court imposed a total prison sentence of 135 months—63 months on the conspiracy and health care fraud counts to run concurrently, 24 months on each of three identity theft counts to run consecutively, and 24 months on the remaining identity theft counts to be served concurrently. This court vacated the sentence and remanded for resentencing, finding that the district court miscalculated the amount of the loss. On remand, the district court recalculated the loss amount and imposed the same prison sentence, varying upward from the guidelines range.

Now, Mahmood challenges the procedural and substantive reasonableness of his sentence. Our review is for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

At resentencing, the district court explained that, with the exception of the loss amount, it adopted the rationale supporting the initial sentence. At the first hearing, the court explained, among other things, that the fraud "implicated thousands of claims" and Mahmood "controlled the proceeds of the fraud, and those proceeds were not directed toward the operation of the hospitals," noting that Mahmood "failed to adequately fund the hospitals he was entrusted with administering." Mahmood takes issue with these findings, arguing that there was no evidence to support them.

The court's findings are plausible in light of the record as a whole and thus are not clearly erroneous. *See United States v. Romans,* 823 F.3d 299, 317 (5th Cir.), *cert. denied,* 137 S. Ct. 195 (2016); *see also United States v. Gomez-Alvarez,* 781 F.3d 787, 796 (5th Cir. 2015) (explaining that to overcome factual findings in the presentence report, a defendant must establish that they are materially untrue, inaccurate, or unreliable). Moreover, any error would be harmless. The district court reiterated in both sentencing proceedings that it wished to impose a 135-month prison sentence and that it would have imposed

this sentence even absent the Guidelines because, given all of the facts of the case, this particular sentence was warranted. The court listed numerous sentencing considerations to support this sentence, noting that its "overarching concern" was the pervasiveness of the scheme and citing several other factors, including that this sentence would deter others and that Mahmood directed the scheme, stole tax money, and instructed otherwise law-abiding citizens to break the law. The court did not specifically mention at resentencing that the fraud implicated thousands of claims nor did it note how Mahmood used the proceeds of the fraud. Any error did not affect the district court's selection of the sentence. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).

Mahmood also argues that the sentence is substantively unreasonable on the grounds that the district court misstated the importance of the loss amount in determining the sentence and relied on unsubstantiated facts that were not sufficiently particularized. As the district court made clear, though, the pervasiveness of the fraud scheme was the most important consideration at sentencing. Moreover, the factors the court relied on were particularized to Mahmood—the court looked to, among other things, the scope of his fraud, the impact it had on the particular hospitals and their communities, and the fact that Mahmood directed his employees to participate. The court appropriately considered the 18 U.S.C. § 3553(a) factors including the seriousness of the crime, the need to promote respect for the law, and need for deterrence. Though the sentence was substantially above the guidelines range, the district court gave thorough reasons supporting it. *See Gall,* 552 U.S. at 50-51. Mahmood has not shown that his sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in

balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).   Moreover, we will not reverse simply because we might reasonably conclude that a different sentence would also be proper.  *Gall,* 552 U.S. at 51; *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

AFFIRMED.